UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

RECEIVED & FILED
2016 DEC 28 PM 5:35
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>AMALIA LOPEZ-SANTIAGO,<br>Defendant. | INDICTMENT<br><br>Criminal No. 16-804 (DRD)<br><br>Violations:<br>Count One: 29 U.S.C. § 501(c)<br>Count Two: 18 U.S.C. § 1001(a)(1)<br>Count Three: 18 U.S.C. § 1028A(a)(1)<br>Counts Four to Seven: 18 U.S.C. § 1343<br><br>Forfeiture: 18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461(c)<br><br>SEVEN COUNTS AND<br>FORFEITURE ALLEGATIONS |

**THE GRAND JURY CHARGES**:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment, with all dates being approximate and all date ranges both approximate and inclusive:

**Labor Management Reporting and Disclosure Act**

1. The United States Department of Labor ("DOL") was an agency and department of the United States responsible for enforcing federal laws, including the monitoring and supervision of the reporting and disclosure obligations of labor organizations and their members under the Labor Management Reporting and Disclosure Act of 1959, as amended (the "LMRDA"). 29 U.S.C. § 401, *et seq.*

2. American Postal Workers Union ("APWU") Local 1070 was a labor organization engaged in an industry affecting commerce as defined in Section 402(i) of the LMRDA and subject to the LMRDA. 29 U.S.C. § 402(i).

3. APWU Local 1070 represented maintenance, motor vehicle and special delivery clerks at the United States Postal Service in Puerto Rico.

4. AMALIA LOPEZ-SANTIAGO was an employee of the United States Postal Service and the Treasurer of APWU Local 1070 from 2008 through 2012.

5. LOPEZ-SANTIAGO'S duties as Treasurer of the APWU Local 1070 included the reconciliation of union accounts, preparing check and vouchers, preparing and authorizing the union's payroll and preparing and electronically filing the union's Annual Reports – DOL Forms LM-2.

6. LOPEZ-SANTIAGO was an authorized signator in APWU's bank account with authorization to disburse the union's funds in compliance with the union's Constitution and Bylaws.

**Union Reporting Requirements**

7. Under Section 201 of the LMRDA, APWU Local 1070 was charged with the filing of financial reports ("DOL Form LM-2") annually with the DOL's Office of Labor-Management Standards ("OLMS").

8. From 2008 through 2012, APWU Local 1070 filed its Annual DOL Form LM-2s with the OLMS through electronic filing using the OLMS Electronic Forms System ("EFS"). 29 U.S.C. § 431(b).

9. EFS was a web-based system for completing, signing, and submitting Labor Organization Annual Financial Reports, including DOL Forms LM-2.

10. EFS allowed labor organizations with a web-enabled computer the ability to complete, sign, and electronically file their Forms LM-2 reports.

11. The DOL Forms LM-2 filed by the APWU were required to be signed by the president and the treasurer of the labor organization. 29 U.S.C. § 431(b).

12. The information that had to be submitted in the DOL Form LM-2 included the detailing of any and all salaries, allowances, and other direct or indirect disbursements (including reimbursed expenses) made by the labor organization to each officer or employee during the reported fiscal year. 29 U.S.C. § 431(b)(3).

**The Credit Line**

13. Sometime in 2002, APWU Local 1070 obtained a credit line from a wholesale grocery supplier ("WGS") and authorized the issuance of credit cards under that credit line to the union's officers (the "WGS Credit Cards') to purchase items for official union business.

14. Upon becoming the Treasurer of APWU Local 1070, LOPEZ-SANTIAGO was issued one of the WGS Credit Cards and authorized to use the same to purchase and charge items for official union business.

15. LOPEZ-SANTIAGO was the officer charged with the duty and authority of reviewing all account statements related to the WGS Credit Cards and to make electronic payment or disbursements from the APWU's bank account to satisfy the union's financial obligations under that credit line.

16. From January, 2008 through June, 2012, LOPEZ-SANTIAGO purchased items valued in excess of $15,422.59 for her personal use and benefit at the WGS using APWU Local 1070's WGS Credit Card without lawful authority and authorized the disbursement of funds from APWU Local 1070's bank account to pay for those unlawfully procured items.

**Scheme to Defraud – Concealment of Excess Wage Reimbursements and Salary Payments**

17.    Under Article 6, Part 3, Section 1 of APWU Local 1070's Constitution and Bylaws, the union was obligated to reimburse any wages lost, including territorial cost of living allowance and leave lost, to its officers if they conducted official union business during regular working hours.

18.    Under Article 6, Part 3, Section 5 of APWU Local 1070's Constitution and Bylaws, the union was obligated to pay the Treasurer a monthly compensation of $200.00 in addition to any reimbursements for wages and benefits lost.

19.    LOPEZ-SANTIAGO, prepared, signed and electronically filed DOL Forms LM-2 for APWU Local 1070 for fiscal years ending 12/31/2008 and 12/31/2009 as both President and Treasurer.

20.    LOPEZ-SANTIAGO, prepared, signed and electronically filed DOL Forms LM-2 for APWU Local 1070 for fiscal years ending 12/31/2010 and 12/31/2011 as Treasurer and using J.C.G.'s personal identifying information as President of APWU Local 1070.

21.    The signature block of the DOL Forms LM-2 signed and electronically filed by LOPEZ-SANTIAGO on fiscal years ending 12/31/2008, 12/31/2009, 12/31/2010 and 12/31/2011 contained the following certification by the signing officers: "[e]ach of the undersigned, duly authorized officers of the above labor organization, declares, under penalty of perjury and other applicable penalties of law, that all of the information submitted in this report (including information contained in any accompanying documents) has been examined by the signatory and is, to the best of the undersigned individual's knowledge and belief, true, correct and complete."

22.    From 2008 through 2012, LOPEZ-SANTIAGO authorized salary payments and reimbursements for lost wages and benefits in excess of the amounts actually allowed and

authorized under the union's Constitution and Bylaws totaling approximately $77,543.30 by submitting fraudulent claims for wage reimbursement and by fraudulently authorizing duplicate or excessive salary payments.

23. In order to conceal the fraudulently procured disbursement of wage and benefit reimbursements and excessive salaried compensation, LOPEZ-SANTIAGO knowingly submitted information in APWU Local 1070's DOL Forms LM-2 for fiscal years 2008, 2009, 2010 and 2011 where she (a) misrepresented an amount in excess of $77,543.30 as duly authorized reimbursements and compensation, and (b) failed to disclose the disbursement of an amount in excess of $15,422.59 for purchases made with union funds for her personal use and benefit.

## COUNT ONE
### Embezzlement and Theft of Labor Union Assets
### 29 U.S.C. § 501(c)

Paragraphs one (1) through twenty-three (23) of this Indictment are re-alleged and incorporated as though fully set forth here. From in or about January, 2008, through on or about June 15, 2012, in the District of Puerto Rico and elsewhere, within the jurisdiction of this Court, the defendant,

**AMALIA LOPEZ-SANTIAGO**,

while an officer, that is, the Treasurer, of APWU Local 1070, a labor organization engaged in an industry affecting commerce, that is, the Treasurer, did embezzle, steal and unlawfully and willfully abstract and convert to her own use the moneys, funds, securities, property and other assets of said labor organization in an amount in excess of $92,965.89. All in violation of Title 29, *United States Code*, Section 501(c).

## COUNT TWO
### Falsify, Conceal, or Cover Up a Material Fact by Trick, Scheme or Device
### 18 U.S.C. § 1001(a)(1)

Paragraphs one (1) through twenty-three (23) of this Indictment are re-alleged and incorporated as though fully set forth here. On or about April 30, 2012, in the District of Puerto Rico and elsewhere, within the jurisdiction of this Court, the defendant,

**AMALIA LOPEZ-SANTIAGO,**

did willfully and knowingly falsify, conceal, and cover up by trick, scheme, and device a material fact in a matter within the jurisdiction of the executive branch of the Government of the United States, by making and causing to be made false statements to the DOL in the APWU Local 1070's LM-2 report for the fiscal year ending December 31, 2011 regarding the amounts disbursed to her by (a) misrepresenting an overpayment of approximately $15,336.47 as valid wage and benefit loss reimbursements and salary, and (b) failing to disclose the unauthorized disbursement of approximately $6,873.41 in union funds to pay for purchases made of items for her personal use and benefit. All in violation of Title 18, *United States Code*, Sections 1001(a)(1).

## COUNT THREE
### Aggravated Identity Theft
### 18 U.S.C. § 1028A(a)(1)

Paragraphs one (1) through twenty-three (23) of this Indictment are re-alleged and incorporated as though fully set forth here. On or about April 30, 2012, in the District of Puerto Rico and elsewhere, within the jurisdiction of this Court, the defendant,

**AMALIA LOPEZ-SANTIAGO,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of the person identified in the table below, during and in relation to a felony violation enumerated in Title 18, *United States Code,* Section U.S.C. § 1028A(c), to wit Falsify, Conceal, or Cover Up a

Material Fact by Trick, Scheme or Device in violation of Title 18, *United States Code*, Section 1001(a)(1) as charged in Count Two above, knowing that the means of identification belonged to another actual person, in violation of Title 18, *United States Code*, Section 1028A(a)(1).

| Count | Date of Transfer/Use | Person | Document Containing False Statement |
|---|---|---|---|
| 3 | 4/30/2012 | J.C.G. | DOL Form LM-2 on behalf of APWU Local 1070 with misrepresentations of fact. |

All in violation of Title 18, *United States Code*, Sections 1028A(a)(1).

## COUNTS FOUR THROUGH SEVEN
### Wire Fraud
### 18 U.S.C. § 1343

Paragraphs one (1) through twenty-three (23) of this Indictment are re-alleged and incorporated as though fully set forth here. From on or about December 30, 2011, through on or about June 15, 2012, in the District of Puerto Rico and elsewhere, within the jurisdiction of this Court, the defendant,

**AMALIA LOPEZ-SANTIAGO**,

devised and intended to devise a scheme to defraud APWU Local 1070, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme described in paragraphs thirteen (13) through twenty-three (23) above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date of Wire Communication | Description |
|---|---|---|
| 4 | 12/30/2011 | Electronic charge to the WGS Credit Card in the amount of $602.12, Invoice Number 3084 |

| Count | Date of Wire Communication | Description |
|---|---|---|
| 5 | 1/13/2012 | Electronic charge to the WGS Credit Card in the amount of $301.64, Invoice Number 867 |
| 6 | 4/30/2012 | Filing of DOL Form LM-2 on behalf of APWU Local 1070 with misrepresentations of fact. |
| 7 | 6/15/2012 | Electronic charge to the WGS Credit Card in the amount of $360.77, Invoice Number 2854 |

All in violation of Title 18, *United States Code*, Section 1343.

## FORFEITURE ALLEGATIONS
## 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

The allegations contained in Count Ten of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, *United States Code*, Section 981(a)(1)(C) and Title 28, *United States Code*, Section 2461(c). Upon conviction of the offense alleged in Count Ten of this Indictment for violation of Title 29, *United States Code*, Section 501(c), the defendant,

### AMALIA LOPEZ-SANTIAGO,

shall forfeit to the United States, pursuant to Title 18, *United States Code*, Section 981(a)(1)(C) and Title 28, *United States Code*, Section 2461(c), any property, real and personal, which constitutes or is derived from the gross traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

**Money Judgment** - a sum of money equal to **$92,965.89** in United States currency, representing the amount of proceeds obtained as a result of the offense, namely Embezzlement and Theft of Labor Union Assets in violation of Title 29, *United States Code*, Section 501(c), for which the defendants is liable.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, *United States Code*, Section 853(p), as incorporated by Title 28, *United States Code*, Section 2461(c). All pursuant to Title 18, *United States Code*, Section 981(a)(1)(C) and Title 28, *United States Code*, Section 2461(c).

**ROSA EMILIA RODRIGUEZ-VELEZ**  
UNITED STATES ATTORNEY

_____  
JOSE CAPO IRIARTE  
Assistant U.S. Attorney  
Chief, Criminal Division

_____  
MYRIAM Y. FERNANDEZ GONZALEZ  
Assistant U.S. Attorney  
Deputy Chief, Financial Fraud  
and Corruption Unit

_____  
DENNISE N. LONGO QUIÑONES  
Assistant United States Attorney

**TRUE BILL**

_____